IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TODD JEFFERSON ROGERS,** : | |
| : | |
| Petitioner, : | |
| : | NO. 5:10-CV-484 (CAR) |
| VS. : | |
| : | |
| **STEVEN ROBERTS,** : | |
| : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. : | Before the U.S. Magistrate Judge |
| _____ : | |

### RECOMMENDATION TO DENY RELIEF

Before the Court is Todd Jefferson Rogers' 28 U.S.C. §2254 petition for a writ of habeas corpus. In this petition, Rogers raises claims of improper jurisdiction and ineffective assistance of trial and appellate counsel. Doc. 1. For the following reasons, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

### PROCEDURAL HISTORY

On June 24, 2004, following a trial by jury in the Superior Court of Monroe County, Georgia, Petitioner was convicted on a single count of burglary. He was sentenced as a recidivist to twenty years confinement without parole. Soon after sentencing, Petitioner's court-appointed trial counsel was replaced by court-appointed appellate counsel. Following an unsuccessful motion for new trial, Petitioner, through his appellate counsel, filed a direct appeal raising claims of ineffective assistance of trial counsel and one of trial court error relating to the admission of certain similar transaction evidence. Petitioner's conviction and sentence were affirmed. Rogers v. State, 285 Ga. App. 568, 646 S.E.2d 751 (2007).

Petitioner next filed a pro se state habeas corpus petition alleging twenty-two grounds for relief. Doc. 6, (Resp. Ex. 2, 3, 4). The majority of these grounds alleged ineffective assistance of

trial and appellate counsel. Id. Following an evidentiary hearing at which Petitioner's appellate counsel testified, the state habeas court denied relief. (Resp. Ex. 5, 8a). The Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal. (Resp. Ex. 6, 7). Petitioner then filed the instant habeas petition.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). This case does not involve any new rules of constitutional law, and the record created during the state proceedings provides a thorough factual predicate for review of the claims. As such, no evidentiary hearing is warranted and Petitioner's Motion for Evidentiary Hearing (Doc. 9) is **DENIED**.

## LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this Court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application"of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

In his primary claim, Petitioner contends that the residence he was convicted of burglarizing was located outside the boundaries of Monroe County. As such, he contends that the Superior Court of Monroe County lacked jurisdiction to try or sentence him. He further contends that his trial and appellate counsel were ineffective for failing to raise and pursue his jurisdiction or venue argument.[1] Petitioner's claim of improper venue was raised in his state habeas corpus petition and decided by the state habeas court, which determined that venue was proper in Monroe County.

The determination of the state habeas court was not inconsistent with any clearly established federal law and was based on a reasonable determination of the facts in light of the evidence

---

[1] The location of the crime is an issue of venue rather than jurisdiction. The Constitution of the State of Georgia provides that "all criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury cannot be obtained in such county." Ga. Const. Art. 6, Sec. 2, Para. VI.

presented at trial.  As the state habeas court observed, the evidence showed that the residence at issue was, in fact, located inside the geographic boundaries of Monroe County, Georgia.  This evidence included the testimony of Monroe County Sheriff's Deputy Robert Jarrod Duncan the testimony of the burglary victim, Brian William Cassidy.  In his testimony, Deputy Duncan explained that he was the first officer to arrive at the residence located at 11 Kentwood Place, Macon, Monroe County, Georgia in response to a report of burglary.  Doc. 6-12, p. 67.  During direct examination by the Prosecutor as well as cross examination by Petitioner's trial counsel, Duncan explained that the residence was geographically situated within the boundaries of Monroe County, Georgia, even though the residence had a Macon address.  Id.  The victim, Mr. Cassidy also testified that his home was located in Monroe County.  Id. at p.75.   The jury found Petitioner guilty of burglarizing the residence located at 11 Kentwood Place, Macon, Monroe County, Georgia.

Because Petitioner's argument regarding improper venue was without merit, he cannot show that his counsel was ineffective for failing to pursue the argument.  To succeed on a claim of ineffective assistance of counsel, a petitioner must first establish that counsel's performance was deficient, falling "below an objective standard of reasonableness.".  Strickland v. Washington, 466 U.S. 668 (1984).  An attorney is not deficient for failing or refusing to raise a meritless claim.  See Freeman v.Atty. Gen., 536 F.3d 1225, 1233 (*quoting* Chandler v. Moore, 240 F.3d 907, 917 (11th Cir.2001).  In the absence of any other demonstration of deficient performance on the part of Petitioner's counsel, his ineffective assistance of counsel claims must also fail.

## CONCLUSION

Because it is clear that the Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was unreasonable in light of the evidence or contrary to or the result an unreasonable application of clearly established federal law as determined by the United States Supreme Court, **IT IS RECOMMENDED** that his petition be **DENIED**.

Pursuant to the requirements of § 2254 Rule 11(b), it does not appear to that Petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Accordingly, **IT IS FURTHER  RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

SO RECOMMENDED, this 7th day of December, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge